IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DENNIS EBORKA,

            Plaintiff,                          ORDER

v.

                                                  25-cv-444-wmc

MEDICAL COLLEGE OF WISCONSIN,

            Defendant.

---

      Representing himself, plaintiff Dennis Eborka has filed a civil action under 42 U.S.C. § 1983, alleging that defendant "Medical College of Wisconsin" violated his constitutional rights when it did not accept him into the first year of medical school. (Dkt. #1.) In addition, he has moved for leave to proceed without prepayment of the filing fee and for issuance of a summons. (Dkt. ##2-3.) Because plaintiff seeks leave to proceed without full prepayment of the filing fee, the court must screen his complaint and dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune from such claims. *See* 28 U.S.C. § 1915(e)(2)(B). When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, a *pro se* plaintiff must still allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

      Here, plaintiff submits a two-sentence complaint asserting that the Medical College of Wisconsin violated his rights under the Equal Protection and Due Process Clauses of the Fourteenth Amendment because it did not accept plaintiff him as a medical student. He seeks acceptance as a "second year" student and financial compensation for "time

wasted." Not only has plaintiff failed to allege facts to state a claim that is plausible on its face, *see* Fed. R. Civ. P. 8 (complaint must include "short and plain statement of the claim showing that the pleader is entitled to relief"), but the Medical College of Wisconsin, which is part of the University of Wisconsin, cannot be sued under § 1983. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (Eleventh Amendment bars lawsuits against a state and its agencies); *Wasserman v. Purdue Univ. ex rel. Jischke*, 431 F. Supp. 2d 911, 916 (N.D. Ind. 2006) (Eleventh Amendment immunity extends to state university departments and colleges because they are arms of the state). Moreover, a review of public federal court records shows that plaintiff has filed at least a dozen similar lawsuits against state universities and colleges around the country, all of which have been dismissed on similar grounds. *See, e.g., Eborka v. Univ. of Nebraska-Lincoln*, No. 24-cv-52, 2024 WL 2092029, at *2 (D. Neb. May 9, 2024); *Eborka v. University of Michigan-Flint*, No. 24-cv-10904 (E.D. Mich. May 10, 2024).

Finally, because plaintiff's initial motion to proceed in forma pauperis was blank, the court instructed plaintiff to file an affidavit of indigency that took particular care to include his actual gross monthly income from all sources and show how he pays for basic necessities. (Dkt. #4.) After plaintiff again filed a mostly blank application, the court repeated its order. (Dkt. #6.) However, plaintiff again ignored the court's instructions and simply identified his income, expenses, and assets as *zero*, despite filing a copy of his tax return showing income of $2,350. Therefore, it appears that plaintiff's allegations of complete poverty -- no income or assets, of any kind -- are likely untrue, which provides an additional basis on which to dismiss his complaint. *McWilliams v. Cook Cnty., Ill.*, 845 F.3d

2

244, 247 (7th Cir. 2017) ("What matters is disclosure; a district court may dismiss a complaint if a plaintiff's allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A)."). Regardless, plaintiff has failed to comply with court orders to submit a completed in forma pauperis application with the requested details, which is a separate ground for dismissal. *See* Fed. R. Civ. P. 41(b).

Accordingly, IT IS ORDERED that:

1. The complaint filed by plaintiff Dennis Eborka (Dkt. #1) is DISMISSED WITHOUT PREJUDICE for the foregoing reasons.

2. Plaintiff's motions for leave to proceed without prepayment of the filing fee (dkt. #2) and for issuance of a summons (dkt. #3) are DENIED.

3. The clerk's office is directed to enter judgment and close this case.

Entered this 1st day of July, 2025.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge